UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA and STATE OF INDIANA, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) Cause No. 2:12-CV-207-PPS-APR |
| BP PRODUCTS NORTH AMERICA, INC., | ) ) ) ) |
| Defendant. | ) ) |

**<u>OPINION AND ORDER</u>**

Defendant BP Products North America operates a petroleum factory in Whiting. In 2012, a consent decree was entered as agreed by BP Products, the United States, the State of Indiana, and a number of environmental groups acting as intervenor-plaintiffs, to resolve claims of violations of the Clean Air Act and Emergency Planning and Community Right-to-Know Act at the refinery. [DE 9 at 1.] The decree has since been modified four times. [*See* DE 13; DE 59; DE 84; DE 86; DE 87; DE 88.]

On July 10, the government filed a motion to enter a Fifth Amendment to the consent decree [DE 91], which all parties agree is unopposed. The same day, the government moved for entry of a new proposed consent decree in a related matter addressing air pollution at the Whiting Refinery. *See* DE 4, *United States v. BP Products North America, Inc.*, No. 2:23-CV-166-PPS-JEM. The proposed consent decree in the 2023 case resolves Clean Air Act and related state law claims concerning BP Products' alleged violation of terms of the 2012 consent decree, as well as a variety of new violations of the

Benzene Waste Operations NESHAP, 40 C.F.R. Part 61, Subpart FF ("BWON") and VOC Emissions from Petroleum Refinery Wastewater Systems, 40 C.F.R. Part 60, Subpart QQQ ("Subpart QQQ"), with an array of injunctive measures and stipulated penalties. As fully explained in an opinion and order concurrently entered in the 2023 case, I find the proposed terms of this new consent decree fair, reasonable, appropriate, and consistent with the purpose of the CAA. It will therefore be entered on the docket. [*See generally* DE 4-1, Cause No. 2:23-CV-166-PPS-JEM.]

      As the parties explain, the new consent decree in the 2023 case and the Fifth Amendment to the consent decree previously entered in this case essentially work hand-in-hand. The proposed Fifth Amendment terminates provisions from the 2012 consent decree related to benzene waste operations standards, so as to avoid confusion and to ensure the more stringent and more frequent measures in the 2023 Consent Decree control. [DE 5 at 2, Cause No. 2:23-CV-166-PPS-JEM.] The only other changes to the 2012 consent decree contemplated by the parties are nonmaterial updates to Appendix B – first, an update to the definition of "Certified Low-Leaking Valve Packing Technology," to align with new technical developments; and second, a modification to the repair/replace timeline for newly-replaced valves to permit a repair attempt prior to repairing/replacing the same valve again. [DE 91 at 2.] The idea is that by removing these overlapping BWON provisions in the 2012 consent decree and replacing them with the requirements in the 2023 consent decree, the parties can "consolidate and strengthen the BWON-related compliance measures in a single document." *Id.* Because the

provisions terminated in the Fifth Amendment to the 2012 consent decree are being replaced by more stringent BWON-related compliance provisions in the 2023 consent decree, I do not need to revisit my conclusion that the 2012 consent decree is "fair, reasonable, and consistent with the Clean Air Act's statutory purposes." [DE 9 at 9.]

**ACCORDINGLY:**

The Unopposed Motion to Enter Fifth Amendment to Consent Decree [DE 91] is **GRANTED**. The Fifth Amendment to Consent Decree [DE 91-1] is **APPROVED** and will be entered separately herein.

**SO ORDERED.**

ENTERED: August 9, 2023.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT